UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 25-80900 |
| PEORIA CHARTER COACH COMPANY ) | |
| ) | Chapter 11 |
| Debtor(s) ) | |
| ) | [Subchapter V] |

## MOTION FOR ORDER (I) AUTHORIZING PAYMENT OF PRE-PETITION WAGES, SALARIES, AND OTHER EMPLOYEE BENEFITS AND (II) REQUEST FOR EXPEDITED HEARING

NOW COMES the Debtor and Debtor-In-Possession, Peoria Charter Coach Company ("Debtor"), by and through its proposed undersigned counsel, and hereby submits this motion ("Motion") for entry of an order authorizing the payment of its pre-petition wages, salaries, and other employee benefits in the usual course of its business pursuant to 11 U.S.C. § 363(b). In support of the Motion, the Debtor respectfully states as follows:

1. The Debtor filed its voluntary petition for relief under chapter 11 of the United States Bankruptcy Code on December 9, 2025.

2. The Debtor is Debtor-in-Possession of the assets of its estate and authorized to perform all duties and manage its business pursuant to 11 U.S.C. § 1184.

3. This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §1408. This matter is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(M).

4. Robert E. Eggmann has been appointed the Subchapter V trustee in this case.

5. The Debtor is a transportation and charter service company based in Peoria, Illinois which has been in business for over 80 years, and has 3 facilities located at Peoria, Urbana, and Arlington Heights. Serving on average more than 400,000 passengers a year, it has provided transportation throughout the Midwest region and beyond since 1941. Impacted severely by the COVID-19 pandemic in 2020, while the Debtor has steadily recovered, it seeks

through this case to reorganize debt incurred during that time so to be able to operate profitably and continue to serve its communities through its operation well into the future.

6. The Debtor presently employs 120 persons, plus 20 part-time loaders, for a total of 140 employees, and issues its payroll weekly. The Debtor's last payroll was issued pre-petition on December 10, 2025, and the next payroll is scheduled to be issued on December 19, 2025. The average gross weekly payroll of the Debtor's employees in 2025 has been $107,190, and the average monthly per diem has been $20,000. A copy of a redacted payroll report is attached as <u>Exhibit A</u>.

7. The December 19, 2025 payroll includes payment for the pay period of December 10, 2025 through December 16, 2025, and as such is a partially pre-petition obligation.

8. The Debtor provides its employees with benefits including health, dental and life insurance, and 401(k) options. In addition, the Debtor provides its drivers with per diem cash for expense reimbursements that arise on its trips.

9. Based on the Debtor's records, no employee is owed pre-petition wages, salaries or benefits that would exceed the $13,650.00 priority claim cap contained in 11 U.S.C. § 507(a)(4).

10. In order to retain its employees, which are crucial to the Debtor's ability to remain a going concern during the bankruptcy process, the Debtor respectfully requests authority for payment of the accrued pre-petition wages and benefits for the planned December 19, 2025 and future pay dates.

11. Since the proposed relief would not provide a benefit to any of the affected employees in excess of the priority claim amounts to which they would be entitled, the Debtor respectfully asserts that there would be no material harm to creditors in the case.

12. Further, treatment of wages in the usual course of its business would simplify the case administration as priority wage and benefit claims would not be created.

## EMERGENCY/EXPEDITED HEARING REQUEST

13. The Debtor respectfully asserts that an emergency/expedited hearing on its request for an Interim Order is appropriate and properly stated as necessary to avoid immediate and irreparable harm to the bankruptcy estate.

14. Upon further instruction from the Court regarding the date and time for any expedited hearing, proposed counsel for the Debtor would serve an electronic copy of this filed pleading, any exhibits, and a notice of hearing and otherwise comply with Federal Rule of Bankruptcy Procedure 9006 and further instruction from the Court and the Clerk.

WHEREFORE, the Debtor respectfully requests the Court enter an order:

A. Authorizing the payment all pre-petition employee wage and salary claims, benefits and driver per diem expense reimbursements in the usual course of its business effective as of December 19, 2025;

B. Authorizing payment of the payroll scheduled for December 19, 2025, and authorizing all applicable banks and other financial institutions to receive, process, honor and pay and all checks drawn on the Debtor's deposit accounts arising from said pay date;

C. Granting such other and further relief as is just.

PEORIA CHARTER COACH COMPANY

Dated: December 15, 2025

/s/ Jeana K. Reinbold
By: One of its attorneys
Proposed Attorney for Debtor-in-Possession
Sgro, Hanrahan, Durr, Rabin & Reinbold, LLP
1119 S. 6th Street
Springfield, IL 6203
(217) 789-1200
jeana@casevista.com